IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| BEVILLE H. REAGAN, individually, and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) ) | Civil Action No. _____ |
| ARCELORMITTAL; ARCELORMITTAL USA, INC.; UNITED STATES STEEL CORPORATION; NUCOR CORPORATION; GERDAU AMERISTEEL US INC.; STEEL DYNAMICS, INC.; AK STEEL HOLDING CORPORATION; SSAB SWEDISH STEEL CORPORATION; COMMERCIAL METALS COMPANY, ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that those defendants served in this action, ArcelorMittal USA LLC (formerly ArcelorMittal USA Inc.), United States Steel Corporation, Nucor Corporation, Gerdau Ameristeel US Inc., Steel Dynamics, Inc., AK Steel Holding Corporation, SSAB Swedish Steel Corporation, and Commercial Metals Company (collectively, "defendants"), by and through their attorneys, hereby remove the above-referenced action pursuant to 28 U.S.C. §§ 1441 and 1453 from the Circuit Court for Cocke County in the State of Tennessee to the United States District Court for the Eastern District of Tennessee. In support of removal, defendants state as follows:

1. On December 28, 2010, an action was commenced in the Circuit Court for Cocke County entitled *Beville H. Reagan v. ArcelorMittal et al.*, Case No. 32,321. This action is brought on behalf of a putative class of all indirect purchasers of "steel products" in Tennessee

since 2005, against eight of the largest steel producers in the United States, and its gravamen is that the indirect purchasers paid inflated prices as a result of an alleged conspiracy by defendants to reduce production of raw steel. The allegations are substantially identical to a series of cases pending for over two years in the Northern District of Illinois, one of which is an indirect-purchaser putative class action that includes claims on behalf of the same class alleged here, under the same Tennessee laws. Copies of the Class Action Complaint and all process served upon defendants in the instant case are attached as Exhibit A, and constitute all of the pleadings, process, and orders that have been served upon defendants in this action to date.

2. Defendants were served on January 6, 2011 (ArcelorMittal USA and Nucor), January 7, 2011 (U. S. Steel, Gerdau, SDI, AK Steel, and CMC), and January 11, 2011 (SSAB). This Notice is timely filed because the first defendants were served on January 6, 2011 and the Notice is filed within 30 days thereafter, as extended by Fed. R. Civ. P. 6(a)(3). *See* 28 U.S.C. § 1446(b); *Gosnell v. Interstate Distrib. Co.*, No. 09-CV-30, 2009 WL 1346051, at *2 (E.D. Tenn. May 11, 2009) (holding that if 30 days for removal falls over a weekend, Rule 6(a)(3) makes notice due the following Monday).

3. Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4. This Court has original jurisdiction of this civil action pursuant to the Class Action Fairness Act, which gives United States district courts "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which [inter alia] (A) any member of a class of

plaintiffs is a citizen of a State different from any defendant; . . . [or] (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2). "[T]he claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

5. Plaintiff Beville H. Reagan alleges that he is a citizen of Tennessee, Ex. A, ¶ 8, and the putative class includes only "persons in the State of Tennessee," *id.* ¶ 20. The Complaint also alleges that each of the defendants is incorporated and has its principal place of business in a U.S. state other than Tennessee, or in a foreign nation. Ex. A, ¶¶ 9-17. Therefore, the minimal diversity of citizenship requirement of 28 U.S.C. § 1332(d)(2) is met.

6. The amount in controversy is determined by examining the substantive allegations of the complaint, as supplemented by any additional facts set forth in the notice of removal. *See Asciutto v. Allied Waste Sys., Inc.*, No. 05-72243, 2005 WL 2173651, at *1 (E.D. Mich. Sept. 2, 2005). Plaintiff brings claims under the Tennessee Trade Practices Act, Tenn. Code Ann. § 47-25-101 et seq., and for unjust enrichment. The measure of damages in an indirect-purchaser antitrust case under the Tennessee Trade Practices Act is "the amount of the overcharge that the direct purchaser passed on to the indirect purchaser." *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 518 (Tenn. 2005). The aggregate amount of controversy under 28 U.S.C. § 1332(d)(6) therefore is the total amount of alleged overcharge for all indirect purchasers in the putative class.

7. Defendants deny liability and deny any overcharge. However, the question for removal purposes is simply what amount is in controversy, regardless of whether plaintiff can actually recover. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448-49 (7th Cir.

2005) (defendant need not "confess liability in order to show that the controversy exceeds the threshold" because "[s]uits are removed on the pleadings, long before evidence or proof have been adduced") (internal quotation marks omitted).

8. Plaintiff alleges that "[s]teel is one of the largest commodity markets in the United States, comprising approximately 105 million tons of annual domestic raw steel production and at least $80 billion in annual domestic sales by United States producers." Ex. A, ¶ 33. Plaintiff further alleges that the named defendants collectively "control approximately 80-85% of domestic raw steel capacity." Ex. A, ¶ 44. Moreover, according to plaintiff, defendants "manufactured, sold and shipped substantial quantities of steel products which were indirectly purchased by Tennessee consumers." Ex. A, ¶ 31. Plaintiff's proposed class includes all persons in Tennessee who purchased "steel products" indirectly from any of the defendants during the six-year period beginning on January 1, 2005. Ex. A, ¶ 20.[1] Plaintiff avers there are "many thousands" of such persons. Ex. A, ¶ 22.

9. Plaintiff's allegations about the size and scope of the steel market and indirect-purchaser class support an aggregate amount in controversy of more than $5,000,000 for members of a putative Tennessee indirect-purchaser class. The figures cited above imply total U.S. steel sales by the defendants in the hundreds of billions over the six-plus year class period.

---

[1] "Steel products" are defined in the Complaint to include "all products derived from raw steel and sold by Defendants, including, but not limited to, steel sheet and coil products; galvanized sheet and other galvanized and/or coated steel products; tin mill products; steel slabs and plates; steel beams, blooms, rails, and other structural shapes; steel billets, bars, and rods; steel pipe and other tubular products: and all other products derived from raw steel and sold by Defendants." Ex. A, ¶ 21.

Apportioning one-fiftieth of those sales to Tennessee would mean defendants sold billions of dollars worth of steel products into Tennessee during the class period.

10. A significant portion of defendants' sales of steel products into Tennessee consists of sales to service centers. These are businesses that function as distributors in the steel industry. Transactional data produced in the litigation pending in the Northern District of Illinois show that during the class period alleged in this case two of the defendants alone had collective sales of over $1.1 billion to seven particular service centers in Tennessee. Because service centers are in the business of reselling, usually to nearby manufacturers, this means at least a similar volume of *indirect* purchases of defendants' steel products would have occurred in Tennessee during plaintiff's alleged class period.

11. While the Complaint does not definitively allege the amount of passed-on overcharge, it alleges that the "benchmark price" of one steel product was inflated by 25% at one point in the class period, Ex. A, ¶ 97, and by 14% at another, Ex. A, ¶ 147. An alleged overcharge of even the smaller percentage yields an aggregate amount in controversy well in excess of $5 million when applied to the total amount of indirect purchases of defendants' steel products in Tennessee.

12. Plaintiff's Complaint includes a boilerplate clause purporting to disclaim his own damages and those of absent class members to the extent those damages may in the aggregate exceed $5 million.[2] However, even with respect to a plaintiff's own individual damages, a

---

[2] "Plaintiff and members of the proposed Class limit their aggregate class-wide claims for relief to less than Four Million Nine-Hundred Ninety-Nine Thousand Nine Hundred Ninety-Nine Dollars ($4,999,999.00) and specifically disclaim compensatory damages, punitive damages, disgorgement, declaratory, injunctive, equitable or other damages or other relief greater than
Footnote continued on next page

"disclaimer in a complaint regarding the amount of recoverable damages does not preclude a defendant from removing the matter to federal court upon a demonstration that damages are more likely than not to meet the amount in controversy requirement." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 408 (6th Cir. 2007) (internal quotation marks omitted); *see also Proffitt v. Abbott Labs.*, No. 2:08-CV-151, 2008 WL 4401367, at *2 (E.D. Tenn. Sept. 23, 2008) (same). A purported disclaimer of damages of absent class members is entitled to still less weight, because "it is improbable that [named plaintiff] can ethically unilaterally waive the rights of the putative class members . . . without their authorization." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002); *accord Pfizer, Inc. v. Lott*, 417 F.3d 725, 725 (7th Cir. 2005) ("[T]he stipulation would not bind other members of the class . . ."); *Reeves v. Discover Card Servs., Inc.*, No. CV 94-U-1450-J, 1994 WL 803274, at *1 (N.D. Ala. Aug. 1, 1994) ("This court simply does not agree that a putative class representative can unilaterally agree to restrict the amount of damages that class members might receive . . . ."). As shown above, it is more likely than not that the aggregate amount in controversy for plaintiff's proposed class exceeds $5,000,000. Therefore, under controlling Sixth Circuit precedent, plaintiff's disclaimer does not prevent removal.

13. The various exceptions to jurisdiction under § 1332(d) do not apply. The exceptions under § 1332(d)(3) and (d)(4) do not apply because, among other reasons, none of the defendants are citizens of Tennessee. Ex. A, ¶¶ 9-17. The exception under § 1332(d)(5) does

---

Footnote continued from previous page

Four-Million Nine-Hundred Ninety-Nine-Thousand Nine-Hundred Ninety-Nine Dollars ($4,999,999.00)." Ex. A, ¶ 5.

not apply because "Plaintiff believes that there are many thousands of class members," Ex. A, ¶ 22; therefore, the number of members of all proposed plaintiff classes in the aggregate is not less than 100. Accordingly, this action is removable, and is hereby removed, under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

14. Pursuant to 28 U.S.C. § 1446(d), defendants state that they promptly will serve this Notice of Removal of the action on all adverse parties and promptly will file a copy of this Notice of Removal with the clerk of the Circuit Court for Cocke County in the Fourth Judicial District of the State of Tennessee. The notices to the Clerk and Plaintiff's counsel have been attached hereto as Exhibit B.

15. Although under the Class Action Fairness Act a case "may be removed by any defendant without the consent of all defendants," 28 U.S.C. § 1453(b), all defendants who have been served are joining in this removal.

16. Removal to this Court is proper because the Eastern District of Tennessee includes Cocke County.

17. Defendants reserve all defenses, and the filing of this Notice of Removal is subject to, and without waiver of, any available defenses.

7
Case 2:11-cv-00035-JRG-DHI   Document 1   Filed 02/07/11   Page 7 of 10   PageID #: 7

**WHEREFORE**, defendants give notice that the above-captioned action formerly pending in the Circuit Court for Cocke County has been removed to this Court.

Dated: February 7, 2011

Respectfully submitted,

*[signature]*

R. Dale Grimes (BPR #6223)
BASS, BERRY & SIMS PLC
Pinnacle Building
150 Third Ave. South, Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6270
Fax: (615) 742-2744
dgrimes@bassberry.com

Shayne R. Clinton (BPR #26245)
BASS, BERRY & SIMS PLC
1700 Riverview Tower
900 S. Gay Street
Knoxville, TN 37201
Telephone: (865) 521-6200
Fax: (888) 526-6489
sclinton@bassberry.com

*Attorneys for ArcelorMittal USA LLC (formerly ArcelorMittal USA Inc.), Nucor Corporation, Gerdau Ameristeel US Inc., Steel Dynamics, Inc., AK Steel Holding Corporation, SSAB Swedish Steel Corporation, and Commercial Metals Company*

*[signature]* Dwight E. Tarwater (by SRC with permission)

Dwight E. Tarwater (BPR# 007244)
Daniel C. Headrick (BPR# 026362)
PAINE, TARWATER, & BICKERS, LLP
900 South Gay Street, Suite 2200
Knoxville, TN 37902
Telephone: (865) 525-0880
Fax: (865) 521-7441
det@painetar.com
dch@painetar.com

*Attorney for United States Steel Corporation*

8

OF COUNSEL: (*Pro Hac Vice* motions pending or forthcoming)

David P. Gersch
Robert J. Katerberg
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, DC 20004
202.942.5000 – Telephone
202.942.5999 – Facsimile
david.gersch@aporter.com
robert.katerberg@aporter.com
**Attorneys for Nucor Corporation**

David I. Gelfand
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
202.974.1500 – Telephone
202.974.1999 – Facsimile
mleddy@cgsh.com
dgelfand@cgsh.com
**Attorneys for ArcelorMittal USA LLC**
**(formerly ArcelorMittal USA Inc.)**

Nathan P. Eimer
EIMER STAHL KLEVORN & SOLBERG
LLP
224 S. Michigan Avenue, Suite 1100
Chicago, IL 60604
312.660.7600 – Telephone
312.692.1718 – Facsimile
neimer@eimerstahl.com
**Attorneys for Gerdau Ameristeel US Inc.**

Joel G. Chefitz
Amanda J. Metts
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street, Suite 4400
Chicago, IL 60606
312.372.2000 – Telephone
312.984.7700 – Facsimile
jchefitz@mwe.com
ametts@mwe.com
**Attorneys for Steel Dynamics, Inc.**

Gregory A. Markel
CADWALADER, WICKERSHAM & TAFT
LLP
One World Financial Center
New York, NY 10281
212.504.6000 – Telephone
212.504.6666 – Facsimile
greg.markel@cwt.com

Joseph J. Bial
CADWALADER, WICKERSHAM &
TAFT LLP
700 Sixth Street, N.W.
Washington, DC 20001
202.862.2200 – Telephone
202.862.2400 – Facsimile
joseph.bial@cwt.com
**Attorneys for AK Steel Holding**
**Corporation**

John W. Treece
Scott D. Stein
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
312.853.7000 – Telephone
312.853.7036 – Facsimile
jtreece@sidley.com
sstein@sidley.com
**Attorneys for SSAB Swedish Steel**
**Corporation**

Joseph A. Tate
Stephen D. Brown
Christine C. Levine
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
215.994.2350 – Telephone
215.655.2350 – Facsimile
joseph.tate@dechert.com
stephen.brown@dechert.com
christine.levin@dechert.com
*Attorneys for Commercial Metals Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February, 2011, a copy of the foregoing document was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. The following persons will also be served this day via regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

> Gordon Ball, Esq.
> BALL & SCOTT LAW OFFICES
> 550 West Main Street, Suite 601
> Knoxville, TN 37902
>
> Dwight E. Tarwater, Esq.
> Daniel C. Headrick, Esq.
> PAINE, TARWATER, & BICKERS, LLP
> 900 South Gay Street, Suite 2200
> Knoxville, TN 37902

Shayne R. Clinton

9171478.1