UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| BEVILLE H. REAGAN, individually and on behalf of others similarly situated | ) ) ) | |
| v. | ) ) | NO. 2:11-CV-35 |
| ARCELORMITTAL; ARCELORMITTAL USA, INC.; UNITED STATES STEEL CORPORATION; NUCOR CORPORATION; GERDAU AMERISTEEL US INC.; STEEL DYNAMICS, INC.; AK STEEL CORPORATION; SSAB SWEDISH STEEL CORPORATION; COMMERCIAL METALS COMPANY | ) ) ) ) ) ) ) ) ) | |

## MEMORANDUM and  O R D E R

This class action is before the Court to address the plaintiff's motion to remand based on lack of subject matter jurisdiction. [Doc. 50]. The defendants have responded to this motion and this matter is ripe for disposition.

The plaintiff's complaint was filed on December 28, 2010, in the Circuit Court for Cocke County, Tennessee. The plaintiff's complaint was brought on behalf of a putative class of all indirect purchasers of "steel products" in Tennessee since 2005, against the defendants who are eight of the largest steel producers in the United States. The plaintiff alleges that '[a]s a result of 'being squeezed by the steel mills' market domination and shortening of supply,' indirect purchasers of steel paid substantially more for steel products during the conspiracy period than they would have paid in a competitive market." See Complaint ¶5.

As far as jurisdiction in the Circuit Court for Cocke County, Tennessee, is concerned,

plaintiff specifically alleged:

> 5. This class action is brought under Tennessee law. Plaintiff asserts no claim under the laws of the United States. The amount in controversy as to Plaintiff and each individual member of the Proposed Class does not exceed Seventy-Four Thousand Nine-Hundred Ninety-Nine Dollars ($74,999.00) each, exclusive of interest and costs; and Plaintiff disclaims compensatory damages, punitive damages, declaratory, injunctive, equitable or other damages or relief greater than Seventy-Four Thousand Nine-Hundred Ninety-Nine Dollars ($74,999.00) per individual Class member. Further, Plaintiff and members of the proposed Class limit their aggregate class-wide claims for relief to less than Four Million Nine-Hundred Ninety-Nine Thousand Nine Hundred Ninety-Nine Dollars ($4,999,999.00) and specifically disclaim compensatory damages, punitive damages, disgorgement, declaratory, injunctive, equitable or other damages or other relief greater than Four Million Nine-Hundred Ninety-Nine-Thousand Nine-Hundred Ninety-Nine Dollars ($4,999,999.00).

In plaintiff's class action allegations, he defines the class and the definition of "steel products as follows:

> 20. Plaintiff brings this action on behalf of himself and a class of persons under the provisions of Rule 23.01, 23.02(2) and 23.02(3) of the Tennessee Rules of Civil Procedure. The Class is defined as follows:
>
>> All persons in the State of Tennessee who purchased steel products indirectly from any of the Defendants or their subsidiaries or affiliates at any time from at least as early as January 2005 until the Present.
>>
>> Excluded from the Class are Defendants, entities in which Defendants have a controlling interest, Defendants' employees, officers, or directors, Defendants' legal representatives, successors, or assigns, judicial officers who may hear the case or related persons, and jurors or related persons.
>
> 21. For purposes of this Complaint, steel products include all products derived from raw steel and sold by Defendants, including, but not limited to, steel sheet and coil products; galvanized sheet

2

and other galvanized and/or coated steel products; tin mill products; steel slabs and plates; steel beams, blooms, rails, and other structural shapes; steel billets, bars, and rods; steel pipe and other tubular products; and all other products derived from raw steel and sold by Defendants.

22. The persons in the proposed Class are so numerous and geographically dispersed that individual joinder of all members is impracticable under the circumstances of this case. Although the precise number of such persons is unknown, Plaintiff believes that there are many thousands of Class members.

In his prayer for relief, the plaintiff seeks:

. . . .

C. That the Court award compensatory damages to Plaintiff and Class resulting from the various acts of wrongdoing under the common and statutory laws of Tennessee, in such amounts as represent the losses reasonably suffered by Plaintiff and Class;

D. That the Court decree that Defendants have violated Tennessee common law and the Tennessee Trade Practices Act and award Plaintiff and Class appropriate damages and relief;

E. That the Court award Plaintiff its reasonable costs;

F. That the Court decree that Defendants have been unjustly enriched by their wrongful conduct, and award restitution to Plaintiff and the Class;

The defendants were served in January of 2011. On February 7, 2011, the defendants filed a notice of removal alleging that this Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA") based upon diversity of citizenship and because CAFA's minimum amount in controversy of $5,000,000.00 had been met. The plaintiff concedes diversity of citizenship but contends the amount in controversy is less than $5,000,000.00 because the plaintiff

has disclaimed in his complaint all relief of any nature in excess of $4,999,999.00.

**ANALYSIS**

It is clearly settled that a party seeking a federal venue by virtue of removal must establish the jurisdictional requirements of that venue. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561(1992). In a class action removed pursuant to CAFA, the removing defendant still has burden of demonstrating, by preponderance of evidence, that the amount-in-controversy requirement has been met. *Smith v. Nationwide Property and Cas. Ins. Co.,* 505 F.3d 401, 404 -405 (6th Cir. 2007). In addition, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Jacada, Ltd. v. Int'l Mktg. Strategies, Inc.,* 401 F.3d 701, 704 (6th Cir.2005).

In determining the amount in controversy, "[i]t is well established that the plaintiff is the 'master of his complaint' and can plead to avoid federal jurisdiction." *Smith,* 505 F.3d at 407) (quoting *Lowdermilk v. U.S. Bank Ntional Ass'n,* 479 F.3d 994, 998–99 (9th Cir.2007)). Moreover, "[i]t is generally agreed in this circuit, that the amount in controversy should be determined 'from the perspective of the plaintiff, with a focus on the economic value of the rights [he] seeks to protect.' " *Woodmen of the World/Omaha Woodmen Life Ins. Soc. v. Scarbro,* 129 Fed. Appx. 194, 196 (6th Cir.2005) (quoting *Buckeye Recyclers v. CHEP USA,* 228 F.Supp.2d 818, 821 (S.D.Ohio 2002)). To be sure, "[a] disclaimer in a complaint regarding the amount of recoverable damages does not preclude a defendant from removing the matter to federal court upon a demonstration that damages are 'more likely than not' to 'meet the amount in controversy requirement,' but it can be sufficient absent adequate proof from defendant that potential damages actually exceed the jurisdictional threshold." *Smith,* 505 F.3d at 407 (quoting *Williamson v. Aetna Life Ins. Co.,* 481 F.3d 369, 375 (6th Cir.2007)).

In support of their claim that the amount in controversy exceeds $5,000,000.00, the defendants rely on the complaint and two affidavits. The defendants point to two paragraphs in the plaintiff's complaint which allege that defendant's anti-competitive conduct inflated the prices of steel products by 25% at some times and by 14% at other times. Complaint ¶¶ 97 and 147.

The defendants also filed the affidavit of Rick Blume who is the General Manager of Commercial with defendant Nucor Corporation which is based in Charlotte, North Carolina. He states that one major customer segment for Nucor is steel service centers that function as distributors of steel, usually at a markup, to manufacturers of steel products or to other intermediate entities. Based on data maintained by Nucor, which was produced in litigation in federal court in Chicago, over the period of 2005-2009, Nucor made over $1.1 billion in sales of steel to six top service center customers in Tennessee.

In addition, the defendants filed the affidavit of David L. Trachtenbert, who is the Commercial Analyst, Sales and Marketing with defendant ArcelorMittal USA LLC, formerly known as ArcelorMittal USA Inc., which is based in Chicago, Illinois. He states that steel service centers that function as distributors of steel represent a significant customer segment for ArcelorMittal. Based on data from ArcelorMittal, produced in litigation in federal court in Chicago, over the period of 2005-2009, ArcelorMittal made over $400 million in sales of steel to service center customers in Tennessee.

Using the plaintiff's percentages of inflated costs due to the defendant's anti-competitive conduct, the amount of damages claimed by the plaintiff would easily exceed $5 million dollars. In fact, the combined sales of just two (2) of the defendants, Nucor and ArcelorMittal, to service centers in Tennessee equal 1.5 billion dollars. If the lower percentage of inflated prices

5

Case 2:11-cv-00035   Document 63   Filed 03/26/12   Page 5 of 7   PageID #: 575

used by the plaintiff in his complaint, that is, 14%, is used to determine damages along with the lower amount of sales by Nucor, that is, $400,000,000.00, the resulting damages are $56,000,000.00, which is well in excess of an adequate jurisdictional amount. Based on this evidence, the Court FINDS that the defendant has shown an adequate jurisdictional amount by the preponderance of the evidence.

"[O]nce the defendant has pointed to an adequate jurisdictional amount, the situation becomes analogous to the 'typical' circumstances in which the *St. Paul Mercury* 'legal certainty' test is applicable." *Freeman v. Blue Ridge Paper Products, Inc*. 551 F.3d 405, 409 (6th Cir. 2008), quoting

*De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995). Thus, if this Court determines to a legal certainty that plaintiffs' claim does not meet the $5 million amount in controversy requirement, this case should be remanded.

In his reply, the plaintiff counters the defendant's argument in regard to the amount in controversy with the following:

> Considering Plaintiff's actual allegations and the only *real evidence* before the Court (Plaintiff's disclaimer), Defendants have failed to show that the amount-in-controversy more likely than not exceeds $5 million and instead asks the Court to engage in conjecture, guess-work, and speculation. Thus, only Plaintiff has provided the Court with a reliable method – a good-faith disclaimer of any and all possible recovery over $5 million – to determine the amount-in-controversy.

The Court FINDS that this argument falls far short of establishing to a " legal certainty" that plaintiff's claim does not meet the $5 million amount in controversy requirement. Accordingly, the plaintiff's motion to remand is **DENIED**. [Doc. 50].

ENTER:

                                                       s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE