UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BEVILLE H. REAGAN, individually and          )
on behalf of others similarly situated       )
                                             )
v.                                           )          NO. 2:11-CV-35
                                             )
ARCELORMITTAL;                               )
ARCELORMITTAL USA, INC.;                     )
UNITED STATES STEEL CORPORATION;             )
NUCOR CORPORATION;                           )
GERDAU AMERISTEEL US INC.;                   )
STEEL DYNAMICS, INC.;                        )
AK STEEL CORPORATION;                        )
SSAB SWEDISH STEEL CORPORATION;              )
COMMERCIAL METALS COMPANY                    )

MEMORANDUM and  O R D E R

This class action is before the Court to address the defendants' motion to transfer

venue to the United States District Court for the Northern District of Illinois based, in part, upon a

pending complaint in that court which was filed against these same defendants asserting the same

cause of action as the case at bar. [Doc. 8].  The plaintiff has responded to this motion and this

matter is ripe for disposition.

I. BACKGROUND

On September 24, 2008, Supreme Auto Transport LLC  filed a complaint in the

United States District Court for the Northern District of Illinois on behalf of an alleged class of

"indirect purchasers" of "steel products," seeking damages under the antitrust and consumer

protection statutes for 27 states including Tennessee, i.e., the Tennessee Trade Practices Act, Tenn.

Code Ann. § 47-25-101, et. seq., as well as under the common law theory of unjust enrichment.   The

plaintiff named the following as defendants:

> Arcelor Mittal
> Arcelor Mittal USA, Inc.
> United States Steel Corporation
> Nucor Corporation
> Gerdau Ameristeel Corporation
> Steel Dynamics, Inc.
> AK Steel Holding Corporation
> SSAB Swedish Steel Corporation
> Commercial Metals, Inc.

In that case, the plaintiff defined "steel products" as "any consumer steel product including but not

limited to produced flat steel sheets and coils; galvanized steel products; tin mill products; steel

plated; steel beams, rails and other structural shapes; steel bars and rods; steel wire and wire rod;

steel pipes and other tubular products; and a variety of other products derived from raw steel."  The

"Class Period" claimed by the plaintiff was from January 1, 2005,to September 17, 2008. See

*Supreme Auto Transport v. ArcelorMittal, et al.*, No. 08-C-5468 (N.D. Ill.)(filed September 24,

2008).

      The plaintiff's complaint in this case was filed on December 28, 2010, in the Circuit

Court for Cocke County, Tennessee, alleging a conspiracy among the defendants in violation of the

Tennessee Trade Practices Act, Tenn. Code Ann. § 47-25-101, et. seq., as well as under the common

law theory of unjust enrichment.  The plaintiff's complaint was brought on behalf of a putative class

of all "indirect purchasers" of "steel products" in Tennessee since 2005, against the same defendants

that were named in the *Supreme Auto Transport* complaint.[1]  The plaintiff defined "steel products"

as including "all products derived from raw steel and sold by Defendants, including, but not limited

---

[1] Except for some slight variations in spelling.

to, steel sheet and coil products; galvanized sheet and other galvanized and/or coated steel products; tin mill products; steel slabs and plates; steel beams, blooms, rails, and other structural shapes; steel billets, bars, and rods; steel pipe and other tubular products; and all other products derived from raw steel and sold by Defendants." See Complaint ¶21. The defendants removed this case to this court on February 7, 2011, and filed their motion to transfer venue on that same date.

## II. ANALYSIS

The first-to-file rule is "a well established doctrine that encourages comity among federal courts of equal rank." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assoc., Inc.,* 16 F. App'x. 433, 437 (6th Cir.2001). "[W]hen actions involving *nearly* identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.' " (emphasis added) *Id.,* quoting *In re Burley,* 738 F.2d 981, 988 (9th Cir.1984).

Three elements are commonly used to determine whether the first-to file rule is applicable: (1) the chronology of events; (2) the similarity of the parties involved; and (3) the similarity of the issues or claims at stake. *Plantronics, Inc. v. Clarity, LLC*, 2002 WL 32059746, *1 (E.D.Tenn.). Once the second-filed district court finds that "the issues might substantially overlap, the proper course of action" is "for the court to transfer the case" to the first-filed court "to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." Id. at *2, quoting *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 606 (5th Cir.1999).

In this case, the *Supreme Auto Transport* complaint was filed more than 2 years before the plaintiff's complaint in this case was filed. The defendants in both complaints are the same, the class that each plaintiff seeks to represent overlaps, the class periods in both complaints overlap, the "steel products" which are the basis for damages are virtually the same in both complaints, and both

plaintiffs seek recovery under Tennessee antitrust and common law. Thus, the issues in this case clearly substantially overlap. Accordingly, the first-to-file rule applies, and this Court will transfer this case to the United States District Court for the Northern District of Illinois.


**III. CONCLUSION**

Pursuant to the first-to-file rule, it is hereby **ORDERED** that defendants' motion to transfer venue is **GRANTED,** and this matter is transferred to the United States District Court for the Northern District of Illinois. [Doc. 8]. The Court recommends consolidation with the original action which is currently pending in that district. The Court expresses no opinion whether a transfer under § 1404(a) is proper.




ENTER:

<u>s/J. RONNIE GREER</u>
UNITED STATES DISTRICT JUDGE